*655 CONCLUSION OP LAW.
Upon the foregoing findings of fact the court decides, as a conclusion of law, that the plaintiff is entitled to recover as compensation for the loss of said vessel the sum of $1,891,000 (Findings V and VII), and as part of the just compensation to which it is entitled interest at the rate of six per centum per annum from August 8, 1918, to November 19,1923, less the sum of $937,500, paid as aforesaid, with interest at the rate of six per centum per annum from April 21, 1920, the date of said payment, to November 19, 1923, the difference between said sums amounting to the sum of $1,351,381.81.
It is therefore adjudged and ordered that the plaintiff recover of and from the United States the sum of one million three hundred and fifty-one thousand three hundred and eighty-one dollars and eighty-one cents ($1,351,381.81) with interest at the rate of six per centum per annum until paid.
MEMORANDUM BT THE COURT.
The only question presented for our decision in this case is one of value.
The plaintiff introduced five witnesses, who testified as to the value of the vessel Carolina at the time of her loss. Two *656 of these witnesses, Martin and Murphy, were members of the ocean advisory board on just compensation of the Shipping Board, whose business it was to advise the Shipping Board as to what was just compensation for owners’ vessels destroyed by the enemy or acquired by the Government. In July, 1918, these witnesses as members of the advisory board valued the Carolina, and in their testimony in this case concurred in placing a value upon the Carolina at the time of her loss in the sum of $1,892,500. The United States introduced no evidence of the value of the vessel, but did file the deposition of Bainbridge Colby, which was taken on May 21, 1920, in the cases entitled Gulf Refining Co. v. United States, and Brooks-Soanlon Corp. v. United States, at that time pending in the United States Court of Claims. This deposition per stipulation between the parties was read as evidence in this case. The deposition of Mr. Colby bore no inference to the value of the Carolina at the time of her loss or at any other time, and so far as the court is advised throws no light upon the question involved in this case. The court in arriving at the value of the Carolina has adopted the valuation placed upon her by the ocean advisory board on just compensation of the United States Shipping Board, ¡i Government agency, acting about a month after the loss of the vessel occurred. In adopting that valuation the court has also had in mind the testimony of other witnesses, who placed a higher valuation upon the vessel, but the reasons given by the witnesses Martin and Murphy in arriving at this conclusion seemed to the court conclusive of the question of value.
It has been suggested that under the “Requisition charter — Time form,” the plaintiff is not entitled to interest, because it has resorted to this court for the purpose of establishing the amount of the just compensation due it. The provision referred to is as follows:
“ In case of loss or damage due to the operation of a risk assumed by the United States, just compensation for such loss or damage, with interest at six per cent per annum, commencing thirty days after proof of such loss or damage, shall be paid by the United States in the District of Columbia, interest not to be paid, however, if the owner resorts to any *657 court for the purpose of establishing the amount of the just compensation.”
We are of opinion that this provision does not deprive the owner of the right conferred upon him by statute, 40 Stat. 182, to resort to this court if he is not satisfied with the compensation determined by the President. Indeed it will readily be seen that the Shipping Board could have placed any value it pleased upon the vessel, no matter how low, and have deprived the owner of his interest by thus placing a value which it knew the owner would not accept.
In connection with this question of interest in this case, and indeed in all cases in which the United States is bound to pay interest, it may be of interest to note how long it has taken to have this suit heard.
The plaintiff did not file its petition until January 24,1921, although it had refused to accept the valuation of the Shipping Board in January, 1919. After filing its petition it took no evidence until June 6,1921; it took its last deposition on June 22, 1922. The defendant took no evidence at all, but only filed the deposition of a witness taken in another case. The plaintiff did not file its brief until June 16, 1923, a year after taking its last deposition. The defendant filed its brief on June 21, 1923. The facts respecting this delay were not called to the attention of the court, and no rule was asked for by either party for the expedition of the case.
Such delays manifestly cost the Government very large sums in interest.
In reply to the motion by the defendant to amend the conclusion herein the court has accordingly done so. In ascertaining the compensation the court has adopted the method of computing interest on the ascertained value of the vessel and allowing interest on the payment made by the Government from the date thereof until judgment. It has not adopted the ordinary rule applicable to partial payments. The method adopted has been followed in cases in which judgments have been rendered in accordance with the principle laid down in Seaboard Air Line By. Co. et at. v. United States, 262 U. S. 299. See cases of Grymes, ante, p. 398; Berry, ante, p. 400; and Ashby, ante, p. 401.